UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLEBER DESOUZA OLIVEIRA**                          **CIVIL ACTION**

**VERSUS**                          **No. 14-482**

**IONIA MARIA MARTINS ET AL.**                          **SECTION I**

**ORDER**

Before the Court is a motion[1] by defendants to set aside the Court's entry of default.

Rule 55(c) of the Federal Rules of Civil Procedure provides, "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Federal courts possess broad discretion when determining whether to set aside defaults, as defaults are generally disfavored and federal courts prefer to resolve disputes on the merits. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default. *See Lindsey*, 161 F.3d at 893.

Plaintiff "does not object to the setting aside of the entry of default on the grounds that defendants' failure to file responsive pleadings timely was not willful."[2] Plaintiff disagrees, however, with defendants' alternative contentions regarding setting aside the entry of default on the basis of lack of subject matter jurisdiction and failure to state a claim.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED IN PART** without opposition. Insofar

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 13, at 3.

as defendants did not willfully fail to file responsive pleadings on a timely basis, the entry of default is set aside.

**IT IS FURTHER ORDERED** that the motion is **DISMISSED AS MOOT** in all other respects.

New Orleans, Louisiana, July 30, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**