# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

CLEBER DESOUZA OLIVEIRA                                           CIVIL ACTION

VERSUS                                                                      No. 14-482

IONIA MARIA MARTINS ET AL.                                          SECTION I

## ORDER

Before the Court is a motion[1] to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure filed by defendants, Ionia Maria Martins ("Martins") and Brazilian Grill, LLC ("Brazilian Grill"), which plaintiff opposes.[2] Defendants have filed a reply,[3] and plaintiff has filed a surreply.[4] For the following reasons, defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff, a Texas citizen, alleges that in May 2011, he and Martins, a Louisiana citizen, formed Brazilianfood, LLC ("Brazilianfood") to own and operate a restaurant on leased premises located at 3712 Williams Boulevard, Suite A, Kenner, Louisiana.[5] Plaintiff alleges that he transferred certain restaurant equipment and materials to Brazilianfood, at an approximate value of $80,000, in addition to making renovations and upgrades to the Williams Boulevard property.[6] Plaintiff further alleges that in March 2013, he and Martins executed a buyout agreement

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 12.
[3] R. Doc. No. 17.
[4] R. Doc. No. 19.
[5] R. Doc. No. 1, ¶¶ 1, 5-7. Plaintiff alleges that Brazilian Grill is also a Louisiana citizen. R. Doc. No. 1, ¶ 1. Brazilian Grill is the entity through which Martins currently operates the restaurant. R. Doc. No. 1, ¶ 13; *see also* R. Doc. No. 12-1, at 1.
[6] R. Doc. No. 1, ¶ 8.

specifying that defendants would purchase the equipment and upgrades, plaintiff's interest in the business, and the lease of the Williams Boulevard property for a total of $55,000.[7]

Plaintiff asserts that defendants paid plaintiff in accordance with their agreement until September 2013, at which time the lease for the Williams Boulevard property was transferred out of plaintiff's name to defendants and defendants discontinued all payments to plaintiff.[8] Plaintiff alleges that the unpaid balance of the buyout agreement is $48,000,[9] and that defendants continue to use the equipment, materials, and upgrades that plaintiff furnished[10] and continue to operate the business "at the same or higher level."[11] Plaintiff contends that defendants engaged in a "concerted scheme" to defraud plaintiff by complying with the buyout agreement only until plaintiff transferred the lease out of his name.[12]

Plaintiff filed his complaint with this Court on March 3, 2014, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332.[13] Plaintiff has brought claims for (1) bad faith breach of contract;[14] (2) violations of Louisiana's Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1401 *et seq.*, commonly referred to as the Louisiana Unfair Trade Practices Act ("LUTPA");[15] and (3) unjust enrichment.[16]

---

[7] R. Doc. No. 1, ¶ 11.
[8] R. Doc. No. 1, ¶ 17.
[9] R. Doc. No. 1, ¶ 17.
[10] R. Doc. No. 1, ¶ 19.
[11] R. Doc. No. 1, ¶ 18.
[12] R. Doc. No. 1, ¶ 27.
[13] R. Doc. No. 1, ¶ 1.
[14] R. Doc. No. 1, ¶¶ 20-24.
[15] R. Doc. No. 1, ¶¶ 25-30.
[16] R. Doc. No. 1, ¶¶ 31-36.

**STANDARD OF LAW**

**I.      Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (holding that where there are grounds for dismissal under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted, the "court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim"). This approach "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161. Where dismissal under Rule 12(b)(1) is appropriate, the plaintiff is not precluded from seeking relief in another forum with proper jurisdiction because no determination on the merits has been made. *See Hitt*, 561 F.2d at 608.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Where, as here, the defendant has attacked the court's subject matter

jurisdiction, the plaintiff has the burden of "proving by a preponderance of the evidence that the trial court does" possess the requisite jurisdiction. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

**II.      Rule 12(b)(6)**

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242,

247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## DISCUSSION

### I.      Jurisdiction

Plaintiff has invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[17] Defendants claim that this Court lacks jurisdiction over this dispute because the amount in controversy is less than $75,000.[18] Defendants do not dispute that complete diversity exists between the parties.

For the Court to exercise diversity jurisdiction over this case, in addition to the requirement of complete diversity, the amount in controversy must exceed $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Patterson*, 644 F.2d at 523.

The Fifth Circuit has "applied different standards of proof depending upon whether the complaint alleges a dollar amount of damages. Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In such cases, "[t]o justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Greenberg*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *Allen*, 63 F.3d at 1335.

---

[17] R. Doc. No. 1, ¶ 1.
[18] R. Doc. No. 10, ¶ 3.

"[T]his 'legal certainty' test has limited utility—in fact is inapplicable—when the plaintiff has alleged an indeterminate amount of damages." *Greenberg*, 134 F.3d at 1253. "[W]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.*; *see also Allen*, 63 F.3d at 1335; *Martin v. Wood*, No. 10-3595, 2011 WL 4550339, at *5 (E.D. La. Sept. 29, 2011) (Vance, C.J.). The Court first examines whether it is "facially apparent" from the complaint that the claim exceeds the jurisdictional amount. "If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Greenberg*, 134 F.3d at 1253; *see also Allen*, 63 F.3d at 1336; *Scooter's Chicken Int'l v. Sunday Dinner, LLC*, No. 13-6766, 2014 WL 3687314, at *3 (E.D. La. July 23, 2014) (Feldman, J.); *Martin*, 2011 WL 4550339, at *5; *DNP Enters, L.L.C. v. Am. Marine Holdings, Inc.*, No. 05-1385, 2005 WL 1431705, at *1-2 (E.D. La. May 24, 2005) (Africk, J.).

"The determination of whether the requisite amount in controversy exists is a federal question; however, 'State law is relevant to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce'." *Duderwicz v. Sweetwater Savings Ass'n*, 595 F.2d 1008, 1012 (5th Cir. 1979) (quoting *Johns-Manville Sales Corp. v. Mitchell Enters., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969)); *see also DNP Enters.*, 2005 WL 1431705, at *2. "[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the [defendant] could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs." *Greenberg*, 134 F.3d at 1253; *see also Martin*, 2011 WL 4550339, at *5 ("[I]t is well-established that statutory penalties and attorney's fees are considered in determining the amount in controversy.").

6

Plaintiff relies on his LUTPA claim to satisfy the amount-in-controversy requirement.[19] Pursuant to LUTPA, "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice . . . , may bring an action . . . to recover actual damages." La. Rev. Stat. § 51:1409(A). Furthermore, "[i]f the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained." *Id.* "'[A]ctual damages' as provided in the statute does not require a precise measurement of the damage—only an 'ascertainable loss.' Furthermore, recovery of general damages is allowed under LUTPA." *Johnson Constr. Co. v. Shaffer*, 87 So. 3d 203, 209 (La. App. 2 Cir. 2012) (citing *Slayton v. Davis*, 901 So. 2d 1246, 1255 (La. App. 3 Cir. 2005)).

"As set forth in the Complaint, [plaintiff]'s potential recovery on his claims under [LUTPA] potentially far exceed the amount in controversy requirement."[20] Plaintiff has alleged that there is an unpaid "balance of $48,000 owed to Plaintiff under the terms of the original Buyout Agreement."[21] Despite defendants' assertion to the contrary,[22] the complaint alleges that

---

[19] R. Doc. No. 12, at 4.

[20] R. Doc. No. 12, at 4.

[21] R. Doc. No. 1, ¶ 17.

[22] In their motion to dismiss, defendants assert that they have "never received the requisite notice from the Louisiana Attorney General's office." R. Doc. No. 10-1, at 6. However, plaintiff attached the notice letter, dated March 24, 2014, to its opposition. R. Doc. No. 12-1. This "summary judgment type" evidence is properly considered by the Court as defendants do not "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *see Richardson v. Miss. Dep't of Human Servs.*, No. 10-198, 2012 WL 568285, at *2-3 (S.D. Miss. Feb. 21, 2012) (Jordan, J.); *see also African Methodist Episcopal Church v. Plainville Catholic Methodist Episcopal Church*, 91 F. App'x 933, 933 (5th Cir. 2004); *Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir. 1985).

In their reply memorandum, defendants, while not explicitly acknowledging that they received the notice, assert that such notice does not provide plaintiff with the possibility of recovering treble damages because it "was not issued until March 24, 2014, over six months after

plaintiff is entitled to treble damages,[23] and plaintiff attached to his opposition a letter from the Louisiana Attorney General providing the requisite statutory notice.[24] Even without taking into account attorney's fees or general damages,[25] the $48,000 unpaid balance could result in treble damages.[26] *See McFadden v. Import One, Inc.*, 56 So. 3d 1212, 1223 (La. App. 3 Cir. 2011).

Finally, the Court notes that although defendants make much of the fact that the buyout agreement does not contain an acceleration clause in the event of a breach,[27] claims pursuant to LUTPA sound in tort, not contract, and plaintiff's claim is not strictly limited to the precise terms of the contract. *See Harris v. Poche*, 930 So. 2d 165, 172 (La. App. 4 Cir. 2006). Moreover, defendants have provided no indication that they intend to resume payments pursuant to the buyout agreement.

Regardless of the standard of proof that this Court applies, *see Allen*, 63 F.3d at 1335, the Court finds that it has subject matter jurisdiction over plaintiff's LUTPA claim. Plaintiff has demonstrated by a preponderance of the evidence that the amount in dispute for his LUTPA

---

the lease transfer was completed, and over a year after the buy out [sic] agreement was executed." R. Doc. No. 17, at 5.

Defendants misapprehend the allegations against them. "Plaintiff has alleged that Defendants' entire scheme – a scheme they continue to perpetuate – is in violation of [LUTPA] . . . ." R. Doc. No. 19, at 3. It is not the mere signing of the buyout agreement or the lease transfer that forms the basis of plaintiff's claims. Plaintiff has alleged that defendants schemed to cut off payments to plaintiff, without justification, as soon as the lease transfer was completed. *See* R. Doc. No. 1, ¶¶ 16-19.

[23] R. Doc. No. 1, ¶ 30.

[24] R. Doc. No. 12-1; *see also* R. Doc. No. 17, at 4.

[25] Defendants assert that that "the agreement does not provide for the recovery of any liquidated damages, or other penalties, in the event of breach," nor does it "provide for the recovery of reasonable attorney's fees, costs, and expenses incurred in enforcing the agreement." R. Doc. No. 10-1, at 4. However, the agreement states that "[i]n the event of a default under the terms of this Agreement, the prevailing Party shall be entitled to payment of the prevailing Party's actual and reasonable attorneys' fees, costs, and expenses in connection with enforcing this Agreement." R. Doc. No. 12-2, at 3.

[26] *See, e.g.*, R. Doc. No. 12, at 7.

[27] *See, e.g.*, R. Doc. No. 17, at 2-3.

claim exceeds $75,000. *See Greenberg*, 134 F.3d at 1253. Furthermore, defendants have not demonstrated to a "legal certainty" that the amount in controversy does not exceed $75,000. *See id.* Accordingly, the amount-in-controversy requirement for this Court to exercise diversity jurisdiction over plaintiff's LUTPA claim has been satisfied. *See* 28 U.S.C. § 1332(a). The Court also has supplemental jurisdiction over plaintiff's other claims, which "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[28] *Id.* § 1367(a).

## II.   Failure To State a Claim

Defendants assert that the complaint fails to state claims upon which relief could be granted pursuant to LUTPA or for unjust enrichment. Defendants do not raise any such challenge to plaintiff's breach of contract claim.

### A.   LUTPA

Defendants assert in their reply memorandum that plaintiff "does not and cannot state a valid claim under the LUTPA" because plaintiff and defendants "were not competitors, [but rather] they were business partners and members of the same Limited Liability Company."[29]

> To the contrary, LUTPA grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Although business consumers and competitors are included in the group afforded this private right of action, they are not its exclusive members. . . . Louisiana courts have repeatedly held that there is no such limitation in LUTPA.

*Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1057 (La. 2010). Accordingly, this argument is without merit.

---

[28] *See* R. Doc. No. 1, ¶¶ 20, 25, 31.
[29] R. Doc. No. 17, at 6-7.

Defendants also assert that "LUTPA does not provide an alternate remedy for simple breaches of contract" and that "[t]his is a breach of contract dispute, nothing more."[30] *See Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993) ("[T]he statute does not provide an alternate remedy for simple breaches of contract."). Defendants are correct that "there is 'a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes.'" *Cargill, Inc. v. Degesch Am., Inc.*, 875 F. Supp. 2d 667, 677 (E.D. La. 2012) (Vance, C.J.) (quoting *Turner*, 989 F.2d at 1422).

LUTPA does not specifically define what actions constitute an unfair trade practice, but leaves this determination "to the courts to decide on a case-by-case basis." *Chem. Distribs., Inc. v. Exxon Corp.*, 1 F.3d 1478, 1485 (5th Cir. 1993). "The courts have repeatedly held that, under this statute, the plaintiff must show the alleged conduct offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie*, 35 So. 3d at 1059 (alteration in original) (internal quotation marks omitted); *see also Chem. Distribs.*, 1 F.3d at 1485. "[O]nly egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA." *Cheramie*, 35 So. 3d at 1060.

Plaintiff asserts, "[A]lthough [LUTPA] is not intended to provide an alternate remedy for breach of contract, alleging a breach [of] contract does not, by itself, preclude a valid claim under [LUTPA]."[31] The allegations in the complaint go beyond a "simple breach of contract."[32] Plaintiff alleges that defendants "defraud[ed] Plaintiff of his interest by complying with the agreement only until Plaintiff removed his name from the leased premises, refus[ed] to comply

---

[30] R. Doc. No. 17, at 6.
[31] R. Doc. No. 19, at 5.
[32] *Cf.* R. Doc. No. 17, at 5; *Turner*, 989 F.2d at 1422.

with the Buyout Agreement despite no other changes in circumstance, [and] continu[ed] to use Plaintiff's equipment and materials and benefit from the upgrades he paid for while simultaneously depriving Plaintiff of the remuneration he is owed."[33]

Plaintiff need only "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations contained in the complaint, if proven, could constitute "egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct." *Cheramie*, 35 So. 3d at 1060. Accordingly, plaintiff has stated a claim pursuant to LUTPA upon which relief could be granted.

B.     Unjust Enrichment

A claim for unjust enrichment under Louisiana law requires five elements: (1) "enrichment to the defendant," (2) "impoverishment sustained by the plaintiff," (3) "a connection between the enrichment and the resulting impoverishment," (4) "an absence of justification or legal cause for the enrichment and the impoverishment," and (5) "there is no other remedy at law[,] i.e., the action is subsidiary or corrective in nature." *See Edwards v. Conforto*, 636 So. 2d 901, 903 (La. 1993). When another remedy at law is available to correct a plaintiff's impoverishment, that plaintiff will not be entitled to claim unjust enrichment. *Carriere v. Bank of La.*, 702 So. 2d 648, 672 (La. 1996).

Defendants assert that plaintiff's unjust enrichment claim should be dismissed because there are other remedies at law available.[34] Plaintiff asserts that the Federal Rules of Civil Procedure allow a party to allege alternative theories of recovery.[35] *See* Fed. R. Civ. P. 8(d).

---

[33] R. Doc. No. 1, ¶ 27.
[34] R. Doc. No. 10-1, at 8-9.
[35] R. Doc. No. 12, at 9-11.

11

Different sections of this Court have come to conflicting conclusions. *See JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 521 n.2 (E.D. La. 2013) (Feldman, J.) (collecting cases). In the past, this Court has allowed such claims to be pled in the alternative and refused to grant dismissal pursuant to Rule 12(b)(6). *See ORX Res., Inc. v. Autra*, No. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009) (Africk, J.). However, "[t]he Louisiana Supreme Court has observed that '[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment.'" *JP Mack*, 970 F. Supp. 2d at 521 (quoting *Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 241, 242 (La. 2010)). "In Louisiana, by law, an unjust enrichment claim is a 'subsidiary' claim, not an alternative claim." *Id.*

Plaintiff has a plausible claim for breach of contract and, as discussed above, a plausible claim pursuant to LUTPA. Because it is clear that plaintiff cannot show that there is no other remedy at law available, "the complaint 'on its face show[s] a bar to relief.'" *Cutrer*, 308 F. App'x. at 820. Accordingly, plaintiff's unjust enrichment claim must be dismissed.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's claim for unjust enrichment as set forth in count 3 of the complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

New Orleans, Louisiana, August 21, 2014.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**