UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEBER DESOUZA OLIVEIRA** | **CIVIL ACTION** |
| **VERSUS** | **NO:    14-0482** |
| **IONIA MARIA MARTINS, ET AL.** | **SECTION: "I" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff, Cleber Oliviera's **Motion to Enforce Settlement Agreement (R. Doc. 34)**, seeking to enforce the terms of the settlement agreement. This matter was referred to the United States Magistrate Judge to submit a proposed findings and recommendation. *See* R. Doc. 41. The motion was heard for oral argument on Wednesday, March 11, 2015.

This action arises out of the breach of a buyout agreement entered into by the Plaintiff and the Defendants, Ionia Maria Martins ("Martins") and Brazilian Grille, LLC (collectively "Defendants"), for the sale of the Plaintiff's share in the restaurant located at 3712 William Boulevard, Suite A, Kenner, Louisiana. *See* R. Doc. 1. This action was filed on March 3, 2014 for bad faith breach of contract, unfair trade practices, and unjust enrichment. On December 8, 2014 the parties settled all of the Plaintiff's claims on the record before the undersigned. *See* R. Doc. 31. The Court dismissed the case accordingly, but retained jurisdiction for the purpose of enforcing the settlement agreement. *See* R. Doc. 33.

In the instant motion, the Plaintiff sought to enforce the settlement reached by the parties and represents that the agreement included the following terms: (1) a lump sum payment of $4,000 that was due December 18, 2014, or ten (10) days after entering into the agreement; (2) regularly scheduled payments of $1,500, with the first installment due on January 25, 2015; (3) security interest in the restaurant equipment; and (4) personal guarantees from the Defendants securing the agreement. *See* R. Doc. 34-1, at 2. Plaintiff contends that the Defendants breached the settlement agreement by not providing photographs and serial numbers for the equipment and by not paying any

of the overdue payments. Plaintiff also seeks the reasonable attorney fees and costs incurred from filing the instant motion.

During oral argument, Counsel for the Defendants did not dispute the terms of the settlement and represented that he was in possession of the $4,000 lump sum payment but did not tender the payment because the parties never officially signed an agreement. Counsel additionally argued that he provided the list of equipment three months ago when his clients sent him the information, but at that time his clients failed to provide the photographs and serial numbers. According to counsel, his clients provided photographs for the equipment on March 10, 2015, the day before the subject hearing. Counsel argued that he promptly sent the photographs to opposing counsel upon receipt from his clients. However, the serial numbers had still not been provided at the time of the hearing.

Based on the foregoing, the Court issued an oral order directing the Defendants to provide the serial numbers of the secured equipment by March 18, 2015, and to tender the $4,000 lump sum payment to the Plaintiff by March 11, 2015 and the first installment payment of $1,500 by March 13, 2015. The Court further found that attorney fees were appropriate and should be assessed against the client for failing to promptly produce the equipment list with the associated photographs and serial numbers.

On April 23, 2015, the Plaintiff informed the Court that the Defendants have made all payments, which include the $4,000 lump sum payment and one $1,500 payment. *See* attached correspondence. Plaintiff also informed the Court that the Defendants have provided the serial numbers and photographs of the equipment to serve as collateral for the Security Agreement. *Id.* Therefore, the issues that were the subject of the motion are now moot and the remaining issue pending before the Court is the Plaintiff's claim for attorney fees, which the Court previously found to be appropriate during the hearing.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Enforce Settlement Agreement (R. Doc. 34)** be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for attorney fees and costs associated with filing the instant motion be **GRANTED** and be personally assessed against the Defendants Ionia Maria Martins and Brazilian Grille, LLC. If the District Judge adopts this Report and Recommendation, the Plaintiff shall file **within ten (10) days of the adoption** a motion to fix attorney's fees, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 11th day of May 2015.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.