# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEBER DESOUZA OLIVEIRA** | **CIVIL ACTION** |
| **VS.** | **NO:    14-00482** |
| **IONIA MARIA MARTINS AND BRAZILIAN GRILL, LLC** | **SECTION: "I" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Third Motion to Enforce Settlement Agreement (R. Doc. 56)**, which was referred to the undersigned for consideration (R. Doc. 58).  The motion was filed by the Plaintiff, Cleber Desouza Oliveira ("Oliveira"), seeking an order to enforce the terms of the settlement agreement entered into by Oliveira and Defendants, Ionia Maria Martins and Brazilian Grill, LLC (collectively "Defendants").  The motion is opposed. R. Doc. 61.  The motion was submitted on August 9, 2017.

Oliveira filed this lawsuit against the Defendants, alleging that they had, in bad faith, breached a contract and engaged in a fraudulent scheme to deprive Oliveira of his property without paying for said property. R. Doc. 1.  The Parties engaged in a voluntary mediation and entered an agreement to settle the claims for a lump sum payment, regularly scheduled payments, a security interest in the equipment transferred by Oliveira to the Defendants, and personal guarantees. R. Doc. 33.

The actual terms of the settlement were that the Defendants would make monthly payments, in the amount of $1,500, to Oliveira for 34 months and a final payment of $250 in the 35th month.  The settlement would be secured by a security interest in the equipment, subject to the sale, and the agreement would be personally guaranteed by the Defendants. R. Doc. 56-1.

In spite of the agreement, Oliveira contends that the Defendants refused to provide the necessary information to finalize the settlement documents and to make the agreed upon settlement payments.  As a result, Oliveira filed his first Motion to Enforce Settlement Agreement (R. Doc. 34), and during the hearing, the Defendants again agreed to comply with the terms of the settlement and pay Oliveira's attorneys' fees. R. Doc.  56-1.

Despite this second agreement, the Defendants failed to comply with their obligations, and a Second Motion to Enforce Settlement Agreement was filed (R. Doc. 47).  After the second motion, the settlement documents were finally completed, and the Defendants began making the agreed upon settlement payments.  Thereafter, the second motion to enforce the terms of settlement was withdrawn.

After almost two years, the Defendants stopped making the monthly payments in January 2017.  The Defendants were placed in default, and to date, remain in default.   Thereafter, Oliveira filed the subject motion, seeking an order enforcing the agreement because of the alleged willful breach of the Parties' compromise.  Oliveira, therefore, seeks the enforcement of the agreement, including penalties, with legal interest, and reasonable attorneys' fees incurred as result of having to file the motion.

In response to the subject motion, Counsel for the Defendants ("Counsel") asserts that he has had no contact with the Defendants since August 2015.  Counsel notes that, on March 27, 2017, he received a Notice of Default.  Upon receipt of the notice, on March 28, 2017, Counsel mailed the notice to the Defendants and requested that they contact him.  Counsel also forwarded a copy of the notice to the primary personal counsel for defendants, Mr. Tom Donelon, requesting that he also contact the Defendants.

On or about April 5, 2017, Mr. Donelon advised Counsel that it appeared that the Defendants' home in St. Tammany Parish had been foreclosed upon and that he also was unable to make contact with the Defendants.

Having received no response, on May 16, 2017, Counsel re-issued his March 28, 2017, correspondence, again requesting that the Defendants contact him. After receiving no response, Counsel filed a Motion to Withdraw as Counsel, submitting a courtesy copy, in the mail, to the Defendants. The undersigned, however, denied the Motion to Withdraw, and Counsel was directed to file a memorandum, detailing information regarding the Defendants' current status and efforts to contact them. Thereafter, in response to the Court's order, Counsel issued additional correspondence to the Defendants, presumably at the same foreclosed address, requesting that they contact him. As before, Counsel also forwarded a copy of this correspondence to Mr. Donelon.

In addition, Counsel also traveled to the Defendants' business, the Brazilian Grill Restaurant, at 3712 Williams Blvd, Suite A, Kenner, Louisiana, only to learn that the restaurant was closed and a new restaurant was opening soon at the location. R. Doc. 61, Ex. J. Despite his efforts, Counsel has not been able to make contact with his clients, and as a result, there is no indication that the Defendants even know about the subject motion. R. Doc 61, p. 5.

It is well settled that a federal court that maintains jurisdiction over a settled action possesses the inherent power to enforce agreements entered into in settlement of litigation pending before it. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Eastern Energy, Inc. v. Unico Oil & Gas, Inc.,* 861 F.2d 1379, 1380 (5th Cir. 1988). By the terms of the order of dismissal, the Court retains jurisdiction of the action for purposes of enforcing the parties' settlement agreement.

Enforcement of the settlement agreement, a type of contract, is governed by the principles of Louisiana law applicable to contracts generally. *Lockette v. Greyhound Lines, Inc.,* 817 F.2d 1182, 1185 (5th Cir. 1987). Under article 3071 of the Louisiana Civil Code, a transaction or compromise may be enforced only if reduced to writing and signed by the parties or their agents, or recited in open court. La. Civ. Code art. 3071 (West 1996). The Fifth Circuit has held that the issuance of a sixty-day order of dismissal by a federal district court satisfies the requirement of a writing. *Mull v. Marathon Oil Co.,* 658 F.2d 386, 388 (5th Cir. Unit A 1981).

Here, the Parties reached an agreement before the undersigned and a qualified court reporter. R. Doc. 31. The settlement terms were communicated between the parties, and a receipt and release were later executed. An order of dismissal was entered with a retention of the right to enforce settlement. R. Doc. 33.

Defendants have not opposed Oliveira's motion to enforce the settlement, and further, are not available to either their Counsel or the Court. Under all of these circumstances, the Court finds that the settlement is enforceable.

Oliveira also seeks an award of attorney fees and costs incurred as a result of having to bring this motion to enforce the settlement agreement, but has submitted no estimate of the fees and costs incurred. The Court, therefore, finds that request for attorneys' fees is meritorious.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the **Third Motion to Enforce Settlement Agreement (R. Doc. 56)** be **GRANTED** and **Plaintiff should be ordered to file a Motion to Fix Attorneys' Fees.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 31st day of October 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.